**LYNBERG**
**& WATKINS**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Los Angeles
888 South Figueroa Street
Sixteenth Floor
Los Angeles, California 90017-2516
Tel 213.624.8700
Fax 213.892.2763

Orange County
1100 Town & Country Road
Suite 1450
Orange, California 92868
Tel 714.937.1010
Fax 714.937.1003

Reply to: Los Angeles

April 26, 2011

<u>Via ECF</u>

The Honorable Jeanne J. Graham
United States Magistrate Judge
United States District Court
342 Federal Building
316 N. Robert Street
St. Paul, Minnesota 55101

> Re: *H.B. Fuller Company v. U.S. Fire Ins. Co., et al.*
> April 27, 2011 Status Conference
> Court File Number: 09-2827 (JRT/JJG)

Dear Magistrate Graham:

We represent National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and submit this statement pursuant to the Order for Status Conference entered on April 25, 2011. The following persons will appear telephonically on behalf of Third-Party Defendant National Union Insurance Company of Pittsburgh, PA ("National Union"):

Randall J. Peters, Esq. and Catherine A. Estrada, Esq. of Lynberg & Watkins, (213) 532-7006; and Timothy P. Tobin, Esq. #127887 of Gislason & Hunter LLP, cell (612) 803-6256.

## NATIONAL UNION'S POSITION STATEMENT

National Union briefly addresses the following issues: 1.) the 2005 Agreement between National Union and H.B. Fuller regarding H.B. Fuller's per occurrence Self Insured Retention ("SIR")("2005 SIR Agreement"); 2.) National Union's exhaustion; 3.) the scope of the issues set forth in the complaint and National Union's Affirmative Defenses thereto; 4.) and H.B. Fuller's claims regarding National Union's lack of cooperation with regard to discovery on National Union's Affirmative Defenses.

Hon. Jeanne J. Graham
H.B. Fuller v. US Fire; US Fire v. National Union et al.
April 27, 2011 Status Conference
April 26, 2011
Page 2 of 3

### 1. The 2005 SIR Agreement between National Union and H.B. Fuller

National Union does not characterize the dispute between H.B. Fuller and International regarding H.B. Fuller's and/or International's obligations once National Union exhausts its limits of liability as a dispute that includes National Union. It is undisputed that National Union's indemnity obligations under policy no. GLA 1169126 (12/1/84-12/1/85) do not exceed $1M. In 2005, National Union and H.B. Fuller entered into an agreement which resolved, in good faith, the manner in which a $100,000 per occurrence SIR obligation set forth in the National Union policy would apply to claims against H.B. Fuller.

It appears the excess carrier above National Union, International, is contesting the resolution of the issue of the applicability of the per occurrence SIR, contending H.B. Fuller may owe additional SIR obligations under the National Union policy. There is no dispute as to National Union's indemnity obligations in that regard, nor do any parties appear to contest the validity of the 2005 SIR Agreement. National Union believes the 2005 SIR Agreement is not only valid and binding, but that it constitutes a good faith resolution of genuine disputes between an insured and its insurer.

### 2. Exhaustion

National Union has entered into several agreements with the insured, H.B. Fuller, and other of its insurers, which provide for the manner in which National Union will satisfy its obligations and claims will be handled. On the basis thereof, National Union anticipates full exhaustion of its aggregate limits of liability prior to the completion of this pending litigation, at which point National Union will have no obligation to defend or indemnify H.B. Fuller for any of its asbestos-related claims.

### 3. Scope of Complaint and Affirmative Defenses Thereto

Notwithstanding National Union's imminent exhaustion, National Union agrees with the insurer defendants and Plaintiff that this matter could be streamlined to focus on only those issues of which Plaintiff H.B. Fuller seeks resolution. However, National Union's position is that as Plaintiff, H.B. Fuller is in the best position to limit the scope of its complaint.

Hon. Jeanne J. Graham
H.B. Fuller v. US Fire; US Fire v. National Union et al.
April 27, 2011 Status Conference
April 26, 2011
Page 3 of 3

### 4. Discovery of Bases for National Union's Affirmative Defenses

With regard to the issue of discovery concerning the factual and legal bases for National Union's affirmative defenses, National Union disagrees with Plaintiff's characterization in its April 19, 2011 letter to this Court [Doc. No, 109] wherein Plaintiff states that it has served discovery requests asking the carriers to describe the legal and factual basis for their affirmative defenses and that the Carriers have refused to do so. On February 18, 2011, National Union provided timely Supplemental Responses to H.B. Fuller's discovery request seeking the legal and factual basis for each of National Union's Affirmative Defenses. Therefore, it is National Union's position that it has fully and completely complied with discovery requests by H.B. Fuller regarding the factual basis for each of National Union's Affirmative Defenses.

Dated April 26, 2011      By:      *s/ Catherine A. Estrada*
                                   Randall J. Peters, Esq.
                                   Catherine A. Estrada, Esq.
                                   Lynberg & Watkins
                                   888 South Figueroa Street, 16th Floor
                                   Los Angeles, California 90017


                          By:      *s/ Timothy P. Tobin*
                                   Timothy P. Tobin
                                   Gislason & Hunter
                                   Golden Hills Office Center
                                   701 Xenia Avenue South, Suite 500
                                   Minneapolis, Minnesota 55416


C: Counsel of record via ECF